UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>DEXTER DURRELL COOPER,<br>    Defendant. | CRIMINAL NO. 5:17-CR-35-KKC<br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on numerous pre-trial motions filed by Defendant Dexter Durrell Cooper. For the reasons explained below, these motions are denied.

On July 14, 2017, Cooper filed an unusually formatted motion consisting of sixteen exhibits. (DE 40).[1] Three of those exhibits purport to be motions. Exhibit 1 is styled Notice of Motion of Denial of Any and All Alleged Charges. (DE 40-1). It contains no argument, asks the Court to take judicial notice of irrelevant public laws, and seeks a claim for relief under Federal Rules of Civil Procedure Rule 12(b). Because this is a criminal proceeding and the Federal Rules of Civil Procedure do not apply this motion is denied. Exhibit 2 is styled Notice of Motion of Constitutional Challenge to All Federal Statues and alleges due process violations. (DE 40-2). In this supposed motion, Cooper restates verbatim Federal Rules of Civil Procedure Rule 5.1, which is irrelevant to this criminal proceeding, claims his charges are fraudulent, and lists a number of irrelevant constitutional amendments. It is also denied. Exhibit 16 is styled as a Notice of Motion and Motion to be Heard. (DE 40-12) and fails to

---

[1] The United States filed a response in opposition to this motion and Docket Entry 56, 58, and 66, discussed below. (DE 74). Cooper filed a reply to that response. (DE 94).

1

state a basis for relief. The remaining thirteen exhibits do not purport to be motions and therefore the Court will not address them except to note that any effort by Cooper to disclaim United States citizenship is irrelevant to this Court's jurisdiction over him. *See Robinson v. United States*, 144 F.2d 392, 396 (6th Cir. 1944) ("The presence of appellant in the Kentucky District Court gave it complete jurisdiction over his person, regardless of how his presence was secured.") (citing *Albrecht v. United States*, 273 U.S. 1, 10 (1927)).

On September 27, 2017, Cooper filed an untitled motion, again incorrectly invoking Rule 12(b) of the Civil Rules of Procedure. (DE 56). Cooper's substantive argument is that the arrest warrant (DE 2, DE 7) was not based on probable cause supported by oath and affirmation and violated Federal Rules of Criminal Procedure Rules 3 and 4. These arguments are meritless. Cooper's arrest warrant was based upon a grand jury indictment charging him with possession with intent to distribute heroin, cocaine, and methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. (DE 1). An indictment "by a properly constituted grand jury, conclusively determines existence of probable cause for the purpose of holding the accused to answer." *Ex parte United States*, 287 U.S. 241, 250 (1932). Thus, Cooper's arrest warrant was proper under Rule 9 and did not need to be supported by a criminal complaint. Fed. R. Crim. P. 9(a) ("The court must issue a warrant . . . for each defendant named in an indictment . . . .").

On October 2, 2017, Cooper filed another untitled motion, (DE 58), which, in large part, restated arguments from his motion to suppress, (DE 24), and made objections to the Magistrate Judge's Recommended Disposition, (DE 44). Those objections have been considered *de novo* by this Court and denied. (DE 107). This motion also contains unsubstantiated allegations that Magistrate Judge Wier failed to act impartially. Cooper also claims that he had a right to notice of his grand jury hearing and that he should have been

given the right to present evidence to the grand jury. No such right exists. Fed. R. Cr. P. 6(d) ("The following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device."). Thus, to the extent that claims exist in this motion not addressed by the Court's previous Order, (DE 107), this motion is denied.

Next, on November 8, 2017, Cooper filed a Motion for Personal Recognizance Bond. (DE 66).[2] This motion restates his belief that Criminal Rules 3 and 4 were violated. For the reasons discussed above, this claim is meritless. Cooper's arrest warrant was properly issued based on a grand jury indictment pursuant to Rule 9. Cooper also appears to argue that the Magistrate Judge who issued his arrest warrant, was not neutral or detached. He provides no support for this allegation and the claim is particularly irrelevant where, as here, the arrest warrant was based on a grand jury indictment under Rule 9, not a sworn complaint by an officer under Rule 3.

During his competency hearing, Cooper sought to make an oral motion under Criminal Rule 12.4 and was instructed to file that motion in writing. (DE 69). Cooper filed his Rule 12.4 Disclosure Statement Motion Violation on November 21, 2017. (DE 71). This motion is irrelevant to these proceedings. Rule 12.4 requires a "nongovernmental corporate party" to "file a statement identifying any parent corporation," Fed. R. Cr. P. 12.4(a)(1) and the government to file a statement identifying "if an organization is a victim of the alleged criminal activity," Fed. R. Cr. P. 12.4(a)(2). The parties to this case are the United States and Dexter Cooper, neither of which is a nongovernmental corporate party. The United States has stated that there are no organizational victims in this case. (DE 88).[3]

---

[2] Cooper also filed a supplemental brief regarding this motion. (DE 85).
[3] Cooper also filed a Complaint for Court Extension of Deadline for Filing Rule 12.4 Objection. (DE 73). This peculiar filing objected to the Court's Order granting Cooper an extension of time to file a motion. It is moot.

On November 22, 2017, Cooper filed a Motion for Complaint of the United States Chief Judge Failure of Allowing Attorney for the Government to Bypass Strictly Compliance of Federal Rules of Criminal Procedures Rule 3. (DE 72). This motion also claims violations of Rules 4 and 5 based on the lack of a criminal complaint. As explained above, Cooper's arrest warrant was based on a grand jury indictment and proper under Rule 9.

Cooper filed three Motions for Opportunity to be heard on November 27, 2017. In his first motion, (DE 75), Cooper reiterated claims that he believes the Police Incident Report was altered. This claim has been addressed and rejected in the Court's Order adopting the Magistrate Judge's Recommended Disposition. (DE 107). Cooper also continues to make the bizarre challenge to the use of certain evidence in his competency evaluation, despite his agreement with the report's conclusion that he is competent. Because Cooper stated during his competency hearing that he is not challenging that determination, his disagreement with the evaluators decision to rely on certain evidence is moot.

Cooper's second motion to be heard concerns proceedings on state charges. (DE 76).[4] He claims that he was not afforded due process when his state charges were dismissed. This argument is irrelevant to this federal criminal proceeding. Cooper also makes various arguments that the evidence does not show he possessed cocaine. These arguments are better suited for trial, not pre-trial motions.

The third motion to be heard concerns the Court's statement during Cooper's competency hearing that a number of his letters were not clearly identified as motions. (DE 77). This motion, which is difficult to decipher due to its invocation of irrelevant legal standards such as Civil Rule 12(b) and laches, is moot since the Court is addressing all pending motions now that Cooper's competency hearing has been completed and all stays have been lifted.

---

[4] Cooper also filed a supplemental brief on this motion. (DE 87).

On November 28, 2017, Cooper filed a motion to dismiss. (DE 78). In this motion, Cooper again argues that Criminal Rule 3 was violated. For the reasons discussed above it is denied.

Another motion to be heard was filed by Cooper on November 30, 2017. (DE 81). This motion restates arguments made in his original motion to suppress, and subsequent objections to the Magistrate Judge's Recommended Disposition, that officers lacked probable cause to impound and search his vehicle. For the reasons discussed in the Court's order adopting the Recommended Disposition, this motion is denied. (DE 107).

Cooper also filed a Criminal Complaint on November 30, 2017. (DE 82). While not a motion requiring adjudication, the Court notes that this filing is wholly irrelevant to Cooper's defense of the charges against him.

Cooper filed a motion to be heard and motion to dismiss on December 12, 2017. (DE 95). This motion, however, merely restates arguments made in his earlier motion to suppress (DE 24) and addressed by the Court in its previous order adopting the Magistrate Judge's Recommended Disposition. (DE 107).

Cooper filed a supplemental motion to suppress evidence on December 18, 2017. (DE 97). This motion reasserts his argument that radio dispatch call made by Sergeant Palmer on September 22, 2016 at 12:37 a.m. did not occur and the police reports were altered after the facts to include it. Cooper asks the Court to suppress Sergeant Palmer's audio recordings based on his allegations that the search of his person and vehicle were unlawful. However, any suppression of evidence related to an illegal search would extend only to evidence discovered during the search, not audio recordings of the officer. Second, Cooper's claims that these searches were unlawful has already been denied. (DE 107).

On December 27, 2017, Cooper filed another motion to dismiss. (DE 99). This motion argues that, because officers made statements concerning their subjective belief that they lacked probable cause to search Cooper, evidence obtained should be suppressed and the case

5

dismissed . These arguments have been addressed and denied in the Court's order adopting the Magistrate Judge's Recommended Disposition. (DE 107).

On December 28, 2017, Cooper filed a motion to dismiss for constitutional rights violations. (DE 100). In this motion, Cooper asserts that his due process and equal protection rights were violated because an extension of time was provided to the United States. This is not a basis for dismissal and is denied.

On January 2, 2018, Cooper filed a motion requesting to be transferred to Woodford County Detention Center because his current detention center holds his legal mail and because he has limited access to a law library. (DE 103) The alleged legal mail is a letter to the National Legal Professional Association. (DE 103-1). Legal mail is correspondence between an attorney and client or with the Court. Cooper is proceeding *pro se* in this matter and therefore cannot claim legal mail status unless the communication is with the Court. *See Sallier v. Brooks*, 343 F.3d 868, 875 (6th Cir. 2003) (holding that correspondence from the American Bar Association was not legal mail because it was not a direct-services legal organization). Cooper also complains that he is prejudiced because he receives Court filings up to three days after they are filed. Because Cooper is served by mail, three days are added to his filing deadlines. Fed. R. Crim. P. 45(c). Accordingly, a three day delay in being served does not prejudice Cooper. Cooper also does not have a right to legal research because he voluntarily waived his right to counsel. *See United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990) ("We find that by knowingly and intelligently waiving his right to counsel, the appellant also relinquished his access to a law library.").

Cooper also filed a motion to dismiss on January 2, 2018 (DE 104). Cooper argues that dismissal is warranted under a number of constitutional provisions because he also had pending state charges. Cooper has stated no valid reason that the existence of pending state charges require dismissal.

On January 3, 2018, Cooper filed a motion to be heard regarding allegations of tampering with his mail. (DE 105). First, Cooper claims that he did not receive a copy of the transcript from his competency evaluation held on November 9, 2017. It is clear, however, that Cooper has now received this transcript because he has filed portions of the transcript as exhibits to various motions. (*See, e.g.*, DE 124-1, at 6). Second, Cooper claims that mail sent by his family has been returned to sender. While he claims to have a tracking number that proves it arrived at the prison, he has not attached any evidence of its receipts by the prison. Accordingly, there is no evidence on the record, besides Cooper's own claim, that prison officials were responsible for Cooper's mail being returned to sender.

Cooper filed another motion to dismiss on January 4, 2018. (DE 106). This motion merely restates previous arguments made by Cooper that this arrest warrant was insufficient and is denied for reasons stated above.

On January 11, 2018, Cooper filed an motion to be heard asking to be released from custody due to his lack of access to a law library and alleged mail tampering. (DE 109). For the reasons stated above, this motion is denied.

On January 12, 2018, Cooper filed a motion claiming that the response filed by the United States to his motion to dismiss for Speedy Trial Act violations (DE 98) was untimely. (DE 110). The response was filed on December 22, 2017, fourteen days after Cooper's motion was filed (DE 93), and therefore was not untimely.

Also on January 12, 2018, Cooper filed a motion which claimed that the United States' response to his motion for personal recognizance bond (DE 66) was untimely. (DE 111). This response does appear to be untimely by one day. However, even without considering the United States' response, the Court finds Cooper's motion for personal recognizance bond meritless and therefore this motion is moot.

Cooper filed a motion to be heard on January 17, 2018, arguing under Rule 5 that he retains the right to contest the validity of the warrant. (DE 114). As explained above, Cooper's warrant was valid under Rule 9.

On January 19, 2018, Cooper filed a motion to dismiss for Speedy Trial Act violations because motions filed by Cooper had been under advisement for more than thirty days. (DE 116). The Speedy Trial Act, however, does not require motions to be decided within thirty days. It instead limits the period of exclusion to "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). As explained in the Court's prior Order (DE 112), the time between the filing of Cooper's pretrial motions and the trial date set for March 19, 2018 is properly excluded.

Cooper's next motion, filed on January 22, 2018, makes a similarly incorrect arguments regarding his speedy trial rights and is denied. (DE 117).

On January 23, 2018, Cooper filed a motion asking the Court to dismiss his charges within fourteen days. (DE 118). His first claim, that the court failed to certify to the attorney general that a statute has been questioned, has no basis in law. His second argument concerns the fact that Court had yet to rule on his prior motion filed at Docket Entry 40. The Court has now ruled on it and this motion is now moot.

Also on January 23, 2018, Cooper filed a motion to dismiss for Speedy Trial Act violations. (DE 119). This motion again misunderstands the requirements of the Speedy Trial Act, arguing that it has been violated because motions have been under advisement for more than thirty days. It is denied.

On January 25, 2018 Cooper filed a motion to dismiss within fourteen days because of allegedly false statements made to the state grand jury. (DE 120). This motion does not state a basis for relief in Cooper's federal criminal proceedings.

Cooper also filed a motion to dismiss on January 25, 2018 seeking dismissal because of Fourth Amendment violations. (DE 121). This motion merely restates his prior arguments that the Magistrate Judge was not neutral and detached and that his arrest and search warrants lacked probable cause. It is denied.

On January 30, 2018, Cooper filed a motion to dismiss for due process violations. (DE 124). This motion merely reasserts arguments made previously by Defendant (DE 40) and that the Court has rejected. It also requests dismissal for violations of Rule 45 because the United States was granted an extension of time to respond to Docket Entry 40. That is not a basis for dismissal and this motion is denied.

Also on January 30, 2018, Cooper moved for judgment on the pleadings because Docket Entry 83 was under advisement for more than thirty days. (DE 126). That is not a basis for dismissal nor is it a Speedy Trial Act violation.

Cooper filed a motion a second motion to dismiss on January 30, 2018 due to evidence tampering and alleged conspiracy. (DE 127). Contrary to Cooper's claims, the cash obtained by Lexington Police during the search of Cooper's pockets was placed into evidence. (DE 132-1). This motion is denied.

Cooper filed another motion to dismiss on January 31, 2018. (DE 128). Despite the Court's Order that Cooper should not raise the same issues argued in previous motions, (DE 123). this motion merely reasserts meritless arguments that this court lacks jurisdiction, that the warrant was insufficient, and constitutional violations in state proceedings entitle him to relief. It is denied.

Similarly, the second motion to dismiss filed on January 31, 2018 merely restates arguments that Cooper's arrest warrant was insufficient. (DE 129). It is denied.

Cooper's motion to dismiss filed on February 6, 2018 primarily alleges that the United States engaged in evidence tampering. (DE 135). Cooper has not presented any convincing evidence in support of this repeated allegation and this motion is denied.

Also on February 6, 2018, Cooper filed a motion to suppress all evidence in the case. (DE 136). Cooper claims that the United States altered the police reports from his arrest. To the extent that the Court has not addressed Cooper's suppression arguments in its prior ruling, (DE 107), this motion is denied. Cooper's claim that the police reports were altered is wrong. As the United States explains in its response, (DE 143), the two police reports exist because they were filed for two linked incidents. They are not suggestive of tampering.

Cooper's next motion, also filed on February 6, 2018, seeks a default judgment under Rule 55(b)(1) of the Federal Rules of Civil Procedure. (DE 137). Because this motion is a criminal proceeding, the Rules of Civil Procedure do not provide relief. Cooper also claims that the United States' failure to respond to certain motions requires dismissal. That argument is also wrong; dismissal is not required merely because the United States choose not to respond to Cooper's filings. This motion is denied.

Cooper also filed a motion seeking a bill of particulars on February 6, 2018. (DE 138). This motion is denied for two reasons. First, it is untimely. Generally, defendant must move for a bill of particulars within 14 days after arraignment. Fed. R. Crim. P. 7(f). Cooper's motion comes over ten months after his arraignment (DE 8) and over two months from the date of his competency hearing (DE 68). A bill of particulars is also not warranted in this case because the indictment contains the elements of the charged offense and the United States has provided Cooper with sufficient discovery. *See United States v. Page*, 575 Fed. Appx. 641, 643 (6th Cir. 2014) (upholding denial of a bill of particulars where the defendant received "ample discovery" related to the case). This motion is denied.

Cooper's next motion, filed on February 2, 2018, merely restates arguments that this Court has already rejected regarding Cooper's state criminal proceedings over which this Court lacks jurisdiction. (DE 140). It is denied.

On February 9, 2018, Cooper filed a motion asking the Court to strike the United States' response to certain motions under the doctrine of laches. (DE 141). This is not a basis to strike motions and the United States has complied with the Court's filing requirements. This motion is denied.

On January 26, 2018, this Court entered an Order giving Cooper fourteen days to file any remaining defensive motions. Cooper has filed three untimely motions to dismiss. (DE 147, DE 148, DE 150). They are denied.

For the reasons stated above, the Court **HEREBY ORDERS** that the following motions filed at the following Docket Entries, submitted by Defendant Cooper, are **DENIED**:

40, 56, 58, 66, 71, 72, 75, 76, 77, 78, 81, 95, 97, 99, 100, 103, 104, 105, 106, 109, 110, 111, 114, 116, 117, 118, 119, 120, 121, 124, 126, 127, 128, 129, 135, 136, 137, 138, 140, 141, 147, 148, 150.

Dated February 20, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY