UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:17-CR-35-KKC** |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| **DEXTER DURRELL COOPER,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on several *pro se* filings by Defendant. Defendant has flooded the Court with filings that can essentially be placed into four categories: (1) motions and filings related to vacating his sentence and conviction under 28 U.S.C. § 2255; (2) motions and filings related to his requests for discovery; (3) motions and filings related to his request for immediate release; and (4) motions and filings related to his request that the Court reconsider its denial of his motion to suppress. For the reasons stated below, the following motions—to the extent they seek any relief—are **DENIED**: DE 257, 258, 266, 267, 270, 273, 274, 275, and 276.

United States Magistrate Judge Edward B. Atkins also issued a Recommended Disposition (DE 256) regarding Defendant's motions for coram nobis (DE 253) and summary judgment (DE 254). The Court **ADOPTS** the Magistrate's Recommended Disposition (DE 256) as the Court's Opinion. Defendant's motions for coram nobis (DE 253) and summary judgment (DE 254) are **DENIED**.

I. BACKGROUND

Defendant pleaded guilty to possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin and possession of a firearm

1

in furtherance of a drug trafficking felony. (DE 188, Plea Agreement.) Defendant was sentenced to 60-months imprisonment on each count to run consecutively for a total of 120-months imprisonment. (DE 192, Judgment.) The Sixth Circuit affirmed Defendant's conviction and sentence on appeal. (DE 206.)

On November 12, 2019, Defendant sent a letter to this Court, which purported to highlight various "issues" in his case. The letter did not appear to seek any relief but indicated that Defendant sought to attack his conviction and sentence. The letter, however, specifically stated that the Court should not construe it as a motion under 28 U.S.C. § 2255. (DE 208.)

In response, the Court issued an order stating that "[t]o the extent Cooper seeks a new trial based on the contents of his letter, he shall file the appropriate motion under Federal Rule of Criminal Procedure 33[,]" and to the extent Cooper "otherwise wishes to collaterally attack his conviction, he shall file a petition under 28 U.S.C. § 2255." (DE 210.)

Thereafter, Defendant filed two motions for new trial, which were denied by the Court for several reasons: first, Defendant pleaded guilty and motions for new trial under Fed. R. Crim. P. 33 are inapplicable where a defendant has pleaded guilty; second, Defendant's motion was untimely as it was brought well beyond 14 days after the finding of guilty; and third, his motion was not based on newly discovered evidence. (DE 240 at 2-3.) *See United States v. Gilliam*, No. 02-6163, 2003 WL 22435662, at *2 (6th Cir. Oct. 23, 2003) (Defendant's motion "was … subject to dismissal … [because] Rule 33 is simply inapplicable in the context of a guilty plea where, by definition, the conviction was not obtained pursuant to a trial."); Fed. R. Crim. P. 33.

In the order and opinion denying Defendant's motions for new trial, the Court also denied other motions, including Defendant's "motion for bail pending appeal" pursuant to 18 U.S.C. § 3143(b) and the Bail Reform Act. The Court explained that 18 U.S.C. § 3143 only applies

2

to release of a defendant pending the imposition of a sentence and release of a defendant pending an appeal to a higher court. Because "Defendant's sentence has already been imposed, and the Sixth Circuit affirmed his judgment on appeal[,]" he "is not entitled to any relief under 18 U.S.C. § 3143." (DE 240 at 5.) The Court also found that he was not entitled to bond under the Bail Reform Act. As the Court stated:

> [a] district judge's authority to admit applicants to bail pending the outcome of a habeas petition should be "exercised very sparingly." *Cherek*, 767 F.2d at 337. Additionally, "[a] defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal." *Id.* In order to receive bail pending a determination of a habeas petition "prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S.Ct. 3, 5, (Douglas, J., in chambers). *See also Walk v. Mackie*, No. 13-CV-14429, 2014 WL 4265814, at *19 (E.D. Mich. Aug. 29, 2014) ("In order to make this showing, petitioner must demonstrate that his case is 'distinguishable from other habeas cases.'") (quoting *Rado v. Meachum*, 699 F. Supp. 25, 26 (D. Conn. 1988). The cases in which bail pending resolution of a habeas petition are appropriate tend to be "limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992).
>
> Defendant pleaded guilty to possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin and possession of a firearm in furtherance of a drug trafficking felony. (DE 188.) The fact that the Defendant pleaded guilty makes it unlikely that he was unjustly convicted. Additionally, Defendant's motion does not distinguish his case from other habeas cases [or] show any circumstances making his motion for bail exceptional and deserving of special treatment.

(DE 240 at 5-6.) The Court thus concluded that Defendant was not entitled to release pending determination of his petition under 28 U.S.C. § 2255.

Since this opinion and order, Defendant has filed several documents with the Court— notices, letters, exhibits, supplemental information, and motions. The Court has attempted to decipher the relief sought by these documents. The filings can essentially be placed into four categories: (1) documents in support of his § 2255; (2) motions and filings related to

3

discovery; (3) motions and filings related to his request for immediate release; and (4) motions and filings related to his request that the Court reconsider its denial of his motion to suppress.

Defendant's § 2255 is being briefed by the parties. The current schedule allows for Defendant to file a reply on or before August 10, 2020. Thereafter, the Magistrate will take the matter under advisement. He will consider the arguments raised in Defendant's § 2255. The Magistrate will also determine whether Defendant's motions for discovery have any merit. The Magistrate will issue a recommended disposition, and Defendant will have an opportunity to file objections.

Below, the Court considers Defendant's remaining filings: those related to his request for immediate release and those related to his request that the Court reconsider its denial of his motion to suppress. The Court finds that these filings to not warrant any relief.

Defendant has also filed motions for coram nobis and summary judgment. The Magistrate issued a Recommended Disposition recommending that these motions be denied. (DE 256.) Defendant has filed objections to the Magistrate's Recommended Disposition. (DE 263 and 265). The Court also considers these motions below and finds that they do not warrant any relief.

## II. ANALYSIS

### A. Filings related to Defendant's request for immediate release.

Defendant has filed several documents related to his request for immediate release. (DE 267, 270, 273, 274, 275, and 276.) None of these filings warrant any relief. Docket entries 267 and 270 are motions that demand Defendant's release based on alleged violations of his constitutional rights. He alleges that officers gave perjured testimony at his suppression hearing and the government knew it. Defendant contends that this Court's finding of reasonable suspicion was improper due to the allegedly perjured testimony. These are the

4

same issues underlying his pending § 2255. Both of these motions are denied to the extent they seek Defendant's release. Defendant is not entitled to release for the same reasons stated in the Court's opinion and order denying his motion for bail pending appeal. (*See* DE 240 at 4-6.)

Docket entry 273 is titled "Law of the Case Doctrine Exhibit & Memorandum In Support[.]" It is not clear to the Court whether this document seeks any particular relief, but in the document, Defendant again demands his immediate release. To the extent this filing seeks Defendant's release, it is denied for the same reasons stated in the Court's opinion and order denying Defendant's motion for bail pending appeal. (*See* DE 240 at 4-6.)

Docket entry 274 is titled "Take Mandatory Judicial Notice[.]" This document also demands that the Court release him. To the extent this filing seeks Defendant's release, it is denied for the same reasons stated in the Court's opinion and order denying Defendant's motion for bail pending appeal. (*See* DE 240 at 4-6.) This document further demands that the Court take judicial notice of the same allegations underlying his § 2255 and that the officers in his case violated various criminal statutes. The Court is otherwise unable to decipher what relief is sought by this document. The filing is incoherent, and Defendant has not shown that judicial notice is warranted. Thus, to the extent this filing seeks any other relief, it is denied.

Docket entry 275 is titled "RE: Immediate Release[.]" This document appears to demand Defendant's release, and it requests that the Court take judicial notice that certain charges were "illegal." Defendant, again, has not shown that judicial notice is warranted. To the extent this filing seeks Defendant's release, it is denied for the same reasons stated in the Court's opinion and order denying Defendant's motion for bail pending appeal. (*See* DE 240 at 4-6.) The Court is otherwise unable to decipher what relief is sought by this document. Thus, to the extent this filing seeks any other relief, it is denied.

Docket entry 276 states that it is a motion to correct "an illegal sentence at any time" pursuant to Fed. R. Crim. P. 35.  Fed. R. Crim. P. 35 sets forth the bases on which district courts "may" correct or reduce a sentence.  Under the rule, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error" or the Court may, upon motion of the government, reduce a sentence if the defendant provides "substantial assistance."  Fed. R. Crim. P. 35.  Defendant is well-beyond fourteen days after his sentencing and the other section requires a motion filed by the government based on substantial assistance.  Neither section of Fed. R. Crim. P. 35 applies to the Defendant. Thus, this motion must be denied.  The appropriate vehicle to challenge his conviction and sentence is a § 2255 petition.

### B. Filings Related to Defendant's Request that the Court Reconsider its Denial of his Motion to Suppress.

Defendant has also filed motions requesting that the Court "reexamine" its denial of Defendant's motion to suppress.  (DE 257, 258, and 266.) These motions also reassert the same allegations underlying his § 2255 petition.  The Court does not have jurisdiction to grant the relief requested.  There are two ways to attack a conviction: appealing the conviction and filing a habeas petition.  Defendant has exhausted his appeals.  Thus, this Court **only** has jurisdiction to consider his allegations in the context of his habeas petition. Accordingly, these motions are also denied.

Defendant has also filed a document titled "R.I.P. RE: Reasonable Suspicion Eliminated[.]" (DE 268.) This document does not appear to seek any relief. Instead, it appears to highlight arguments that Defendant has made in other filings.  Since this document does not seek any specific relief, it will not be further considered by the Court.  To the extent the arguments underlying this filing are related to Defendant's § 2255, they will be addressed in the resolution of that motion.

**C. Motions for Coram Nobis and Summary Judgment.**

Defendant has also filed motions for coram nobis and summary judgment. (DE 253 and 254.) The Magistrate issued a Recommended Disposition regarding these motions. He recommended that the motion for coram nobis be denied without prejudice because such motions only apply in strict circumstances where the defendant is no longer in custody. He also recommended that the motion for summary judgment be denied as premature because it raises the same grounds as his § 2255. (DE 256 at 1-3.)

Defendant filed two sets of objections to the Magistrate's Recommended Disposition. (DE 263 and 265.) With respect to the motion for coram nobis, Defendant does not contest the precedent cited by the Magistrate. Instead, he states that he is an inexpert litigant and asserts that this Court needs to correct errors and "act in doing justice[.]" (DE 265 at 1-2.) Defendant reiterates the same arguments underlying his § 2255 and concludes that the record "absolutely present[s] a motion in the nature of a writ of error coram nobis enabling the trial court to properly exercise its jurisdiction." (DE 265 at 6.)

Motions for coram nobis are only granted in extremely rare situations. As the Magistrate stated, "writs of coram nobis allow federal courts to vacate federal convictions in limited circumstances *after* the former inmate is no longer in custody." (*See* DE 256 at 1 (citing *United States v. Morgan*, 346 U.S. 502, (1954)) (emphasis added).) Since Defendant is still in custody, he cannot request a writ of coram nobis. Defendant does not specifically object to the Magistrate's findings. (*See* DE 265.) It is plainly obvious that Defendant is not entitled to a writ of coram nobis. Accordingly, the Magistrate's findings are adopted, and Defendant's motion for coram nobis is denied.

With respect to Defendant's motion for summary judgment, Defendant asserts that his motion for summary judgment raises grounds that are in "stark contrast" to the grounds listed in his § 2255. (DE 263 at 1.) However, the Court fails to see how the arguments

7

underlying his § 2255 and motion for summary judgment are different. Additionally, as the Magistrate stated, "[i]t is unclear what relief Cooper is seeking, whether it relates to motions the District Court already denied or his pending motion to vacate, and why he is entitled to judgment as a matter of law." (DE 256 at 2.) Defendant does not clear this up for the Court in his objections, but he does assert that "different evidence changes R#107." (DE 263 at 4.)

Docket entry 107 is the Court's opinion and order denying Defendant's motion to suppress. For the same reasons stated above, the Court does not have jurisdiction to reopen those proceedings. The appropriate course of relief is to pursue a motion under § 2255. Moreover, the Federal Rules of Civil Procedure do not apply to criminal cases.

To the extent this motion asserts that summary judgment is appropriate with respect to Defendant's § 2255—which is a civil proceeding—it is not clear that motions for summary judgment are appropriate in such proceedings. The Court finds no precedent where a summary judgment motion has been granted in the context of a § 2255 petition. Essentially, the resolution of the § 2255 petition itself provides the same relief sought by a motion for summary judgment on such petition. For all these reasons, the Court adopts the Magistrate's findings and denies Defendant's motion for summary judgment.

**D. Defendant's Filing Privileges.**

It is not enough to simply resolve Defendant's motions. Further action is warranted as Defendant has made it clear that he has no respect for the judicial processes of this Court. Defendant's filings have confused the record of this case and are undoubtably abusing the judicial resources of this Court. Since the filing of his initial petition under 28 U.S.C. § 2255 on March 6, 2020, Defendant has filed approximately forty different documents in the form of letters, notices, supporting documents, and motions. Many of his filings are disorganized and incoherent, and his latest filings are entirely disrespectful and somewhat threatening. (*See*, *e.g.*, DE 270 (referring to officers of this Court and stating: "I feel like SMASHING ANTS

8

WITH A SLEDGEHAMMER Until I See White flags then I feel like still continuing SMASHING ANTS with a SLEDGEHAMMER" [sic], "[c]an you see this is too easy to prove & not only are all of you wasting my *?!# Time but the Judicial Resources of a FEDERAL ENtity" [sic], and "I'll SMASH THIS TO INSHALLAH ONE MORE TIME b/c I know your … Never Mind a must stay focused[.]" [sic]); DE 273 (referring to officers of this Court and stating "On the Day of JUDGMENT GOD will Question You All About DEXTER COOPER MARK These Words You will BURN & YOUR Skin will come back ONLY to BURN AGAIN!! GOOD DAY!" [sic]); and DE 275.)

Defendant's filings are cluttering the record and prohibiting the Court from being able to decipher exactly what relief is sought and on what bases. Federal Court is not a free-for-all. When a motion is filed, it should completely articulate the relief sought and the grounds for such relief. All supporting documentation should also be attached. Thereafter, the motion is to be fully briefed according to the schedule established by the Court. Here, Defendant's § 2255 has not been fully briefed, yet he continues to demand that the Court rule on the issues he has raised. The Court will consider the allegations raised by the Defendant, but only after his petition has been fully briefed and is ripe for review. It is in the Defendant's best interest to allow the Court time to consider his arguments and determine whether they merit any relief. At this point, the only way the Court can ensure adequate consideration of the Defendant's arguments and an efficient resolution of his pending motions is by restricting his filing privileges until the resolution of those motions. While the Court is extremely reluctant to take away any defendant's filing privileges, the Court finds that such a measure is warranted here.

The Court will allow an exception for Defendant to file a reply to the government's response to his motion under § 2255. Per the current schedule, this reply is due on or before August 10, 2020. Thereafter, the Magistrate will issue a recommended disposition. The

Court will also allow an exception for Defendant to file one set of objections, if he wishes, to the Magistrate's recommended disposition. Thereafter, the matter will be taken under advisement by this Court. Defendant shall not file further documents with this Court until after it issues its final decision on the pending motions. If the Court receives further filings from the Defendant before it issues its decision on the pending motions, they will not be considered.

### III. CONCLUSION

Defendant's allegations will be appropriately considered in the resolution of his § 2255 petition. Because Defendant's filing practices have become abusive and endanger the clarity of the record, Defendant is prohibited from filing further documents with this Court until the resolution of his pending motions except he may file under the specific circumstances delineated above. If the Defendant chooses to file a reply or objections, his filings shall be respectful to the officers of this Court.

Based on the foregoing, the Court **HEREBY ORDERS** as follows:

(1) To the extent the following motions seek any relief, they are **DENIED** for reasons stated herein: DE 257, 258, 266, 267, 270, 273, 274, 275, and 276;

(2) The Court **ADOPTS** the Magistrate's Recommended Disposition (DE 256) as the Court's Opinion;

(3) Defendant's motions for coram nobis (DE 253) and summary judgment (DE 254) are **DENIED**;

(4) Defendant is prohibited from filing documents with this Court until the resolution of his pending motions except, with respect to his motion under 28 U.S.C. § 2255, he may file a single reply to the government's response on or before August 10, 2020, and he may file a single set of objections to the Magistrate's recommended disposition; and

10

**(5) If the Court receives further filings from the Defendant before it issues its decision on the pending motions, they will not be considered.**

Dated July 20, 2020.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY