**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   Plaintiff/Respondent,  V.  **DEXTER DURRELL COOPER,**   Defendant/Movant. | **CRIMINAL NO. 5:17-35-KKC**  **OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

On March 6, 2020, Dexter Durrell Cooper filed a *pro se* motion to vacate, set aside, or correct his sentence under 29 U.S.C. 2255[1]. (DE 220). Since then, Cooper has also filed several miscellaneous motions related to his request for relief. (*See, e.g.,* DE 232, 243, 285, 297, 304, 309, 310, 313, 314 & 316). In accordance with 28 U.S.C. § 636(b), this matter was referred to United States Magistrate Judge Edward Atkins for the issuance of a Report and Recommendation. Upon review, Judge Atkins recommended that the Court deny Cooper's § 2255 motion. (DE 286). Cooper then lodged objections. (DE 289). However, because it plainly appears from the record in this case that Cooper is not entitled to the relief he requests, the Court **DISMISSES** the motion to vacate (with prejudice) and **DENIES** all other related motions. The Court also **REFUSES** to issue a certificate of appealability.

I. **Background and Procedural History**

The facts of this case are summarized at length in the recommended disposition (*see* DE 286 at 1-5), but the Court will provide a brief review. Cooper's charges stem from an encounter with law enforcement that occurred in the early morning hours of September 22,

---

[1] Once the Court received the initial filing, Cooper was directed to re-file his § 2255 motion on a court-supplied form. (*See* DE 223 (Order); DE 227 (Form AO 243)).

2016. At approximately 12:37 a.m. on the morning of September 22, 2016, Sergeant Jesse Palmer heard gunshots nears his location on Oak Hill Drive. Sergeant Palmer radioed dispatch to report the shots fired and drove his vehicle closer to the area; there, he encountered Cooper in a Chevrolet Impala. As he got closer, Sergeant Palmer observed Cooper make an abrupt turn down Carlisle Drive, turn into a residential driveway, and exit his vehicle. Subsequently, Sergeant Palmer approached Cooper and informed him that he was investigating an incident of shots fired in the area. Cooper stated that he was at the residence to visit a friend named "Robert." Sergeant Palmer conducted a hasty frisk, which did not reveal any weapons, and asked Cooper for permission to search his vehicle. Cooper refused consent to the search.

Other officers soon arrived on the scene; one officer shone a flashlight into the vehicle and observed, in plain view, spent shell casings on the back seat. Another officer made contact with a female living in the residence who denied being acquainted with Cooper and stated that no one named "Robert" lived there. The officers, believing that there was a firearm in the vehicle or nearby, decided to place Cooper in handcuffs, frisked him a second time, and read Cooper his *Miranda* rights. Shortly thereafter, the officers were informed that someone had made a report of shots being fired into a residence within one quarter mile of the area, where Sergeant Palmer encountered Cooper. Officers suspected that Cooper was involved in the shooting and that there was likely a firearm in the vehicle, but were unsure about how to proceed in the investigation. They discovered that the car was a rental vehicle owned by Enterprise Rent-a-Car and contacted a representative from the agency, but were told it would take as long as one-half hour for the rental agent to arrive. Ultimately they decided to seize the vehicle, obtain a search warrant, and release Cooper. Before doing so, they frisked Cooper for weapons a third time. Drugs were discovered in his front pocket. They then decided to

formally arrest Cooper and impound the vehicle until they could obtain a search warrant. The encounter ended at approximately 2:20 a.m.

On April 30, 2018, Cooper entered a conditional guilty plea for possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of drug trafficking offenses, in violation of 18 U.S.C. § 924(c)(1)(A). (DE 187, 188). He was sentenced, on August 20, 2018, to 120 months of imprisonment. (DE 192). He timely appealed, arguing "that the police detained him unlawfully, and that the [] court should have suppressed evidence … obtained as a result of that detention." (DE 206 at 1; DE 207 (Mandate)). The Sixth Circuit rejected those arguments and affirmed his conviction. Cooper has now filed a motion seeking to have the Court vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (DE 220). Cooper has also flooded the Court with more than a dozen letters, notices, and miscellaneous "motions for order" seeking relief.

Consistent with local practice, Cooper's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Edward Atkins reviewed the motion and issued a Report and Recommendation. Judge Atkins addressed Cooper's claims in four categorical groups: (1) Cooper's challenge to the plea agreement as invalid based on the government's failure to disclose *Brady* evidence during the plea negotiations, (2) a violation of his constitutional rights when the District Court did not hold a *Frank's* hearing concerning the traffic stop and the police dispatch logs, (3) a constitutional violation under the "silver platter doctrine", and (4) six claims of ineffective assistance of counsel. (DE 227 at p. 4-35 (Memorandum); DE 286 at 3-4 (Recommended Disposition)). Judge Atkins recommended that Cooper's petition be denied on all grounds and that the Court deny the issuance of a Certificate of Appealability.

Cooper has now filed "objections" to the Magistrate's Judge's Report and Recommendation — all of which merely summarize his claims for relief, again. (DE 289). Cooper does not specifically contest Judge Atkins' findings regarding any of his claims. As further articulated below, Cooper's claims and objections are meritless and the habeas petition must be denied.

## II. Motion to Vacate

### A. Standard of Review.

Under 28 U.S.C. § 2255, a federal prisoner may obtain post-conviction relief if his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255(a); *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))). A defendant alleging a constitutional basis (as here) must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 636-37 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 427 (1968)); *see also Watson*, 165 F.3d at 488.

In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."). This Court performs a de novo review of those portions of the Magistrate's Recommended Disposition to which Defendant has objected. *See* 28 U.S.C. § 636(b). The Court, however, does not perform a de novo review of the Recommended Disposition's unobjected-to findings as such is not required. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court further recognizes its obligation to review Defendant's objections under a more lenient standard than the one applied to attorneys because he is proceeding pro se. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "Objections that merely state disagreements with the magistrate judge's conclusion or restate arguments previously presented to the magistrate judge are [also] improper." *United States v. Davis*, 421 F. Supp. 3d 433, 440 (E.D. Ky. 2019).

As stated above, all of Cooper's objections are not actual objections, but instead vague or otherwise nonsensical arguments, unsupported by the record and based on incorrect interpretations of the law. The Court has reviewed the record, along with Defendant's claims and the Magistrate Judge's findings below. The Court concludes that Cooper has not articulated any basis for habeas relief. For the following reasons, Defendant's objections (DE 289) are **OVERRULED** and his motion for relief under § 2255 (DE 220) is **DENIED**.

B.  **Defendant's Objections**

1.  **Failure of *Brady* Evidence Disclosure**

In his first claim, Cooper argues that his plea agreement is invalid because the government withheld *Brady* evidence from him. (DE 227 at 13). Judge Atkins found this claim to be waived and procedurally defaulted "without excuse or exception" because Cooper did not demonstrate good cause for failing to challenge his sentence on direct appeal or show that he is actually innocent of the crime charged. (DE 286 at 6, 9).

A petitioner is typically barred from raising a claim in a § 2255 motion that was not raised on direct appeal. *Bousley v. United States*, 523 U.S. 613, 621 (1998). As the Sixth Circuit has noted, "[c]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Ray v. United States*, 721 F.3d 758, 961 (6th Cir. 2013). The only claim Cooper raised on direct appeal was the Court's denial of his suppression motion. In his "objection" (*see* DE 289 at 2), Cooper does not show cause and actual prejudice; and to the extent he alleges actual innocence, his claims are conclusory and based solely on vague assertions citing no concrete evidence to support his claims. Because Cooper did not raise the claim of withheld *Brady* evidence on direct appeal, he has procedurally defaulted on the claim and it must be denied.

2.  **Failure to Conduct *Franks* Hearing and Violation of "Silver Platter" Doctrine**

Next, Cooper argues that the Court erred by not holding a *Frank's*[2] hearing, as well

---

[2] In a *Franks* hearing, the Court is asked to determine whether the involved police officer lied in obtaining a search warrant. *Franks v. Delaware,* 438 U.S. 154 (1978). A defendant is entitled to a *Franks* evidentiary hearing if he (1) "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "the allegedly false statement is necessary to the finding of probable cause." *United States v. Graham,* 275 F.3d 490, 505 (6th Cir. 2001) (internal quotation marks omitted).

as an alleged violation of the "silver platter doctrine."[3] (DE 227 at 5, 17-19, 20-22). Judge Atkins found these claims to be barred under the plea agreement because they were not reserved as appealable issues in the conditional plea agreement. (DE 286 at 9-13).

Cooper explicitly waived the right to collaterally attack his sentence for any reason other than the issue of "whether officers possessed a reasonable and articulable suspicion that Cooper had been involved in criminal activity and could be detained briefly while the officers investigated their suspicion." (DE 188. at 1). Such waivers in plea agreements are generally enforceable and valid if entered into knowingly, intentionally, and voluntarily. *Cox v. United States*, 695, F. App'x 851, 853 (6th Cir. 2017); *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

In the present case, Cooper made an informed and voluntary decision to waive his right to collaterally attack his sentence with the exception of his suppression claims. Cooper signed the plea agreement and affirmed during his plea colloquy that he had discussed it with his attorney. Additionally, Cooper affirmed that he discussed his case generally with counsel and was satisfied with his representation. He also confirmed that he had not been threatened and had not been forced to enter a guilty plea. The Court further explained the waiver provision (*i.e.*, the right to collaterally attack the guilty plea) with Cooper during the change of plea hearing. *See* Fed. R. Crim. P 11(b)(1)(N). And Cooper's statements under oath "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Cooper's "objections" (DE 289 at 3-5) merely repeat his claims and do not describe how, if at all, he disagrees with Judge Atkins' findings. Upon review, the Court concludes that the waiver in

---

[3] In *Elkins v. United States,* 364 U.S. 206 (1960), the Supreme Court considered the validity of the "silver platter doctrine," which allowed evidence that had been illegally seized by state authorities in violation of the Fourth Amendment nevertheless to be admitted in federal criminal trials. The Supreme Court rejected this doctrine, concluded that "[i]n determining whether there has been an unreasonable search and seizure by state officers, a federal court must make an independent inquiry, whether or not there has been such an inquiry by a state court, and irrespective of how any such inquiry may have turned out." *Id.* at 223–24.

Cooper's plea agreement was entered knowingly and voluntarily. Thus, these claims are barred by the waiver provision.

### 3. Ineffective Assistance of Counsel Claims

Next, Cooper raises six claims of ineffective assistance of counsel against the following attorneys: Bertram Johnson, Matthew Malone, and John Tennyson. In sum, he argues his attorneys failed: (1) "to recognize the strength and legal significance of [the] body cam footage"; (2) "to investigate who actually wore [the] body cam"; (3) "to become . . . familiar[] with the physical appearance of key government witnesses, in order to legally attest who stated what, where in the police reports and compare these things to facts actually depicted from body cam evidence"; (4) "to cross key gov[ernment] witnesses with actual body cam footage"; (5) "to view and recognize the fact that there were two officers responding from the police station, who both travelled a well[-] known street . . . and not realize these officers passed directly by the [streets] outlined in the search warrant affidavit"; and (6) "to question . . . [the] dispatch log entries." (DE 227 at 28-32).

The Magistrate Judge reasoned that these claims were the result of fundamental disagreement with the way his attorneys chose to litigate his suppression claims. Cooper bears *Strickland v. Washington's* "heavy burden of proof." *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir. 2005). To prevail on his claim, he must show both that "counsel's performance was deficient" *and* that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

For the first component, trial counsel's performance must have been "outside the wide range of professionally competent assistance." *Stermer v. Warren*, 959 F.3d 704, 736 (6th Cir. 2020) (quoting *Strickland*, 466 U.S. at 690). To prove deficient performance, a movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S.

at 686. A movant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 686-88. Judicial scrutiny of counsel's performance, however, is "highly deferential," featuring a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 688. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]"*Id.* at 690-91.

For the second component, prejudice requires evidence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694). When evaluating prejudice, courts generally must consider the "totality of the evidence before the judge or jury." *Id.* at 695. Particularly, "[i]n a guilty plea context 'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "When deciding ineffective-assistance claims, courts need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," which the Supreme Court has recognized "will often be so, that course should be followed." *Id.* (quoting *Strickland*, 466 U.S. at 697).

The Magistrate Judge found that Cooper's first four allegations — that counsel failed to recognize "the strength and legal significance of [the] body cam footage", failed "to investigate who actually wore [the] body cam", failed "to become . . . familiar[] with the physical appearance of key government witnesses," and failed "to … recognize … that there

were two officers responding from the police station, who … passed directly by the [streets] outlined in the search warrant affidavit"— were unsupported by the record. At the July 10, 2017 suppression hearing, the record confirms that counsel introduced the worn body camera footage, as well as the internal police reports (*See* DE 37, DE 202 at 46, 69-69), and further, his attorney cross examined the three officers at the scene, questioning them with the same questions Cooper sought to be answered. Further, to the extent Cooper claimed that the dispatch logs and the body camera footage were somehow falsified was equally unsupported by the record and bore no truth, given the evidence that was presented at the hearing and the officers' testimony describing the events that transpired on the night in question. Thus, Judge Atkins concluded that these asserted claims of ineffective assistance of counsel were simply without merit and could not rise to the level of deficient performance. (DE 286 at 17).

Further, as to Cooper's remaining claims regarding counsel's decisions to pursue certain litigation tactics, the Magistrate Judge found that these allegations did not meet the *Strickland* standard. (*Id.* at 17-19). In sum, because Cooper did not state how the arguments or theories he urged would have been successful to his case, no deficient counsel performance resulted; nor was there any resulting prejudice. *See Jones v. Barnes,* 463 U.S. 745, 751 (1983) (holding that an indigent defendant does not have a constitutional right to press issues, even if non-frivolous, which counsel in his professional judgment decides not to present). Further, to the extent Cooper argues that counsel allegedly failed to investigate, "a defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Pratt*, No. 7: 15-10-DCR, 2019 U.S. Dist. LEXIS 34495, at *7 (E.D. Ky. Mar. 4, 2019) (citing *United States v. Hassan*, Nos. 12-cr-20523, 14-cv-11592, 2014 U.S. Dist. LEXIS 150258, at *5 (E.D. Mich. Oct. 21, 2014)).

Cooper has not raised concrete objections to the Magistrate Judge's findings; instead, he raises the same arguments that may be seen dispersed throughout the record. Cooper's attempt to re-litigate his case, and offer the same arguments contained within his motion are futile. The Court cannot see how, if at all, his attorneys were deficient and the means to which Cooper was prejudiced. And, even assuming Cooper provided some evidence to his favor, sufficiently demonstrating how counsel was "professionally unreasonably … it would not warrant setting aside the judgment … if the error had no effect" on the outcome. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691).

### III. Additional Discovery Requests

Cooper has filed several discovery-related motions, seeking leave to conduct discovery for purposes of substantiating the claims in his habeas motion. (DE 232 & 243). Under the first request, he seeks photographs of shell casings and the identities of seven officers at the scene of his detention and arrest. (DE 232 at 1-2). Under the second request, he seeks supplemental discovery of the Lexington Police Department's "ALI database" evidence. (DE 243). As grounds, he asserts that "the ALI database will reveal the suppressed evidence by [the] same authorities that entitles [Cooper] to immediate release." (*Id*. at 5).

Judge Atkins concluded that Cooper was not entitled to the additional discovery requests because he failed to meet the burden of showing good cause. (DE 286 at 20). He further concluded that, because there are no factual issues in dispute and the asserted claims were without merit, there is no need for additional discovery to be conducted. (*Id*. at 21). Cooper has not lodged an objection to this recommendation, and the Court finds no error in the magistrate judge's findings. Cooper has not shown a particularized need for these discovery requests. Cooper's motions for additional discovery requests (DE 232 & 243) are **denied**.

## IV. Request for an Evidentiary Hearing

Cooper also asks for an evidentiary hearing and asserts that he was never entitled to such. The Court may deny a petitioner's § 2255 motion without a hearing if the record "conclusively shows that a defendant is entitled to no relief." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007); 28 U.S.C. § 2255(b). Further, no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Peavy v. United States*, 31 F.3d 1341, 1345 (6th Cir. 1994).

As stated above, Cooper can show neither deficient performance nor prejudice. Cooper's arguments are legally incorrect and wholly contradicted by the record. Cooper's claims simply "cannot be accepted as true" because the record conclusively establishes that Cooper is legally entitled to no relief; as such, no evidentiary hearing is required. *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (citation omitted); *see also* 28 U.S.C. § 2255(b) (requiring a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Accordingly, the request for an evidentiary hearing will be **denied**.

## V. Certificate of Appealability

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. *See* Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in

a different way or that the issues involved were adequate to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see *also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). Cooper has not made a "substantial showing" as to any claimed denial of rights. The allegations contained in his § 2255 motion challenging his convictions, as well as the associated motions, are utterly meritless. No reasonable jurist would find the Court's determination to be wrong or debatable. A Certificate of Appealability will not be issued.

## VI. Miscellaneous Motions

Despite the Court's September 25, 2020 Order (DE 294), Cooper has submitted several letters, notices, exhibits, supplemental information, and motions—either in support of his motion to vacate or in furtherance of litigating his motion. None of these filings warrant any relief[4]. In light of the disposition reached here—specifically with respect to the conclusions the Court has reached—no further action will be taken with respect to them. The Court **denies** Defendant's remaining motions (DE 285, 297, 304, 309, 310, 313, 314, & 316).

The record clearly reflects a pattern of frivolous and harassing filings. A district court may sanction litigants who have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (internal quotations omitted). The Court **REMINDS** Cooper that this Court holds an inherent power and constitutional obligation to protect itself from conduct that impedes its ability to perform Article III functions and from those who seek to encroach on the Court's vital resources for other

---

[4] All of Cooper's requests are vague, based on conjecture, frivolous, and unsupported by the case law he cites.

litigants. *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986). Pre-filing restrictions, one form of such lesser sanctions, are not uncommon in "matters with a history of repetitive or vexatious litigation" *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Accordingly, should Cooper continue to disobey Court orders and continue his pattern of making frivolous filings, Cooper is **WARNED** that he is in danger of being sanctioned from filing matters in this Court. As previously stated (*see* DE 278 & 294) any filings which relate to Cooper's § 2255 motion will **NOT** be considered.

## VII. Conclusion

For the reasons outlined in this Opinion and in the United States Magistrate Judge's Report and Recommendation (DE 195), the Court HERBY ORDERS as follows:

1) Magistrate Judge Atkins' Recommended Disposition (DE 286) is ADOPTED and INCORPORATED, in full;

2) Defendant's objections (DE 289) are OVERRULED;

3) Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE 220) is DENIED with prejudice;

4) Defendant's remaining motions (DE 232, 243, 285, 297, 304, 309, 310, 313, 314, & 316) are DENIED;

5) A Certificate of Appealability SHALL NOT BE ISSUED because Cooper has failed to make a substantial showing of the denial of a constitutional right;

6) This judgment is FINAL; and

7) This matter is DISMISSED AND STRICKEN from the Court's active docket.

Dated April 23, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY