UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:17-CR-35-KKC |
|     Plaintiff, | |
| v. | OPINION AND ORDER |
| DEXTER DURRELL COOPER, | |
|     Defendant. | |

*** *** ***

Since November 2022, Defendant Dexter Durrell Cooper ("Cooper") has filed multiple *pro se* motions with the Court regarding his sentence. (DEs 365, 366, 367, 372, 377, 378.) All of these motions appear to work towards one common form of relief—a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the Court will deny Cooper's various motions.

I.      Background

In April 2018, Cooper entered a conditional guilty plea to possession with intent to distribute heroin and possession of a firearm in furtherance of a drug trafficking crime. (DE 187.) He reserved the right to appeal the district court's denial of his suppression motion only. (DE 188.) He challenged the Court's suppression ruling, but the Sixth Circuit upheld the Court's decision and Cooper's 120-month sentence of imprisonment. (DEs 192, 206.) He currently has a projected release date of July 11, 2025.

II.     Analysis

Cooper appears to seek a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act of 2018, compassionate release could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended §

3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Government argues that Cooper has failed to meet the exhaustion requirement as well as the substantive requirements for compassionate release.

### A.    Exhaustion Requirement

The Government argues that Cooper failed to properly exhaust his administrative remedies because his request to the Warden prior to moving for compassionate release did not specify the "extraordinary and compelling circumstances" that warrant consideration. (DE 373 at 3; 28 C.F.R. § 571.61(a)(1).) It argues that Cooper's reference to a conversation he supposedly had with the warden "in the chow hall" did not include this baseline information and is therefore insufficient to exhaust administrative remedies. (DE 373 at 4.) It further provides a litany of case law that supports this argument, which emphasizes the importance of the Bureau of Prisons being on notice of the inmate's extraordinary and compelling reasons underlying the request and having an opportunity to evaluate the merits of the request. (*See id.* at 4–5.)

The Court agrees that Cooper failed to show that he satisfied the mandatory exhaustion requirement. Nevertheless, Cooper's motion for compassionate release would still fail because he failed to provide an extraordinary and compelling reason warranting his early release from prison.

### B.    Extraordinary and Compelling Reasons Requirement

The compassionate release statute permits this Court to "reduce the term of

2

imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "*extraordinary and compelling reasons* warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

Cooper argues that Count 4 of the Indictment was "constructively amended" at sentencing and uses that as the basis for his compassionate release. (DE 367 at 3–5.) The Government correctly notes that this claim is an attack on the validity of his conviction and sentence, which is not properly raised in a motion for compassionate release. (DE 373 at 5–6.) Cooper provides no case law that suggests otherwise, or that his claim can serve as an extraordinary and compelling reason to reduce his sentence.

The Government also argues that, even if Cooper could show extraordinary and compelling reasons warranting compassionate release, the 18 U.S.C. § 3553(a) factors advise against Cooper's release. Cooper admitted to a serious drug trafficking offense and the possession of a firearm in furtherance of the drug trafficking. There was evidence to suggest that Cooper had used said firearm recently before his arrest. Further, he has a violent criminal history consisting of armed robbery and assault. These are serious offenses, and do not weigh in favor of compassionate release. Accordingly, Cooper's arguments for a sentence reduction and/or compassionate release fail.

### C.    Other Arguments

Throughout his various motions, Cooper appears to raise additional issues. He moves the Court to reconsider its decision to allow the Government additional time to

3

respond to his compassionate release motion. (DE 372.) Pursuant to Local Criminal Rules, it is within the discretion of the Court to allow a party additional time to respond to the defendant's motion. Accordingly, Cooper's motion for reconsideration will be denied.

Cooper also argues that his presentence report should be amended under Rules 32 and 36. (DEs 377, 378.) Under Rule 32(f)(1), parties only have 14 days after receiving the PSR to object to its contents.  Fed. R. Crim. P. 32(f)(1).  While it is not clear exactly when parties received the PSR here, they certainly received it by the time that Cooper was sentenced on August 15, 2018.  (DE 191.)  Because Cooper was sentenced over five years ago, any objection to his PSR comes too late.  In any event, "[c]ourts uniformly hold that once the district court imposes [a] sentence, it lacks jurisdiction under Rule 32 to hear challenges to a [PSR]."  *United States v. Dancy*, No. 04-80335, 2012 WL 1970116, at *2 (E.D. Mich. June 1, 2012).

Federal Rule of Criminal Procedure 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  "A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."  *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (citation and quotation marks omitted). Federal appellate courts and district courts have consistently held that a defendant cannot use Rule 36 as vehicle to revise the criminal history in a PSR.  *Giwa v. Werlich*, 658 F. App'x 193, 194 (5th Cir. 2016) ("[The defendant] asked the district court to make a substantive change to the calculation of his criminal history score in the PSR, which is not something that was the result of clerical mistake or oversight."); *United States v. Baez*, 671 F. App'x 746, 747 (11th Cir. 2016) ("Because a reduction in criminal history

points would alter [the defendant's] sentencing range, his motion does not request the type of 'minor and mechanical' change allowed under Rule 36.").

Cooper appears to take issue with the language used in the section detailing his convicted offense. (*See* DE 377 at 1.) The language states that Count One occurred from March 2017 "[c]ontinuing through" September 22, 2016. Upon review, it is clear that USPO most likely meant that the indictment was filed in March 2017 and addressed Cooper's actions that took place on September 22, 2016. This mistake in wording did not affect the Court's judgment or Cooper's sentence. Further, this section of the presentence report is a simple description of the charged offense. The Court would not have relied on this description when deciding on Cooper's sentence.

The Court also finds that this mistake is not the type of clerical error that can be redressed by Rule 36. The mistake was made by the probation officer who wrote the presentence report—not a clerk or scribe—in which they misidentified when the actions underlying Count One took place in a section describing the offense. It, again, had no bearing on the conviction or sentence as the description was not relied upon by the Court and there was no question as to when the actions underlying Count One took place based on the Indictment itself.

Cooper also argues that the USPO improperly considered evidence when creating the presentence report. (DE 377 at 2.) This issue is not a mistake, and even if it was, is not a clerical error to be redressed by Rule 36. Accordingly, the Court will deny Cooper's motion to correct the presentence report on all grounds.

## III.   Conclusion

Accordingly, the Court hereby ORDERS that Cooper's docketed motions (DEs 365, 366, 367, 372, 377, 378) are DENIED.

5

This 11th day of April, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY